IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
4:10-CV-78-FL

| | |
|---|---|
| STEVEN C. VICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KAPSTONE KRAFT PAPER CORP., MARK )<br>O. HUTCHINGS, )<br>)<br>Defendants. ) | **MEMORANDUM**<br>**AND**<br>**RECOMMENDATION** |

This case comes before the court, in part, on the motion (D.E. 5) of plaintiff Steven Vick ("plaintiff") to remand this case to Halifax County Superior Court. The motion is supported by a memorandum (D.E. 6). Defendants Kapstone Kraft Paper Corporation ("Kapstone") and Mark Hutchings ("Hutchings") (collectively "defendants") filed a memorandum in opposition (D.E. 12). Plaintiff filed a reply (D.E. 14).

The case is also before the court on defendants' motion to strike (D.E. 4) a paragraph from plaintiff's complaint, pursuant to Fed. R. Civ. P. 12(f). The motion is supported by a memorandum (D.E. 4-1). Plaintiff filed a memorandum in opposition (D.E. 10), and defendants filed a reply (D.E. 13).

The motions have been referred to the undersigned Magistrate Judge for a memorandum and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it will be recommended that plaintiff's motion to remand be allowed, this case be remanded to the Superior Court of Halifax County, and the motion to strike be denied as moot without prejudice in light of the remand.

## BACKGROUND

In his complaint (D.E. 1-1 at pp. 2-17), plaintiff alleges that he is a citizen of Halifax County, North Carolina and an employee of MOR PPM, Inc. ("PPM"). (Compl. ¶¶ 1, 5). PPM is in the business of providing maintenance, construction, and support services to a number of industries, including the paper and pulp industry. (*Id.* ¶ 5). Kapstone is in the business of manufacturing, marketing, and selling unbleached paper and packaging products and is organized under the laws of Delaware with its principal place of business in Illinois. (*Id.* ¶ 2). Hutchings, an employee of Kapstone responsible for occupational safety and health at its facility, is a resident and citizen of Halifax County, North Carolina. (*Id.* ¶ 3).

On or about 3 October 2009, plaintiff was assigned to conduct maintenance work at one of Kapstone's plants. (*Id.* ¶ 6). Plaintiff ascended a permanent catwalk that was affixed to a machine plaintiff was assigned to service. (*Id.* ¶ 7). While plaintiff was up on the catwalk, it broke away and collapsed, causing him to suffer severe and permanent injury. (*Id.* ¶¶ 8-9).

Plaintiff filed his complaint in Halifax County Superior Court on 12 May 2010. He asserts a claim for negligence against both defendants and alleges that they breached their duty to him to properly inspect and maintain the catwalk and to warn him of its danger. (*Id.* ¶¶ 10-14). Plaintiff seeks compensatory damages, costs, and other relief. (*Id.* ¶¶15-17, Prayer for Relief ¶¶ 1-3).

Kapstone contends, and plaintiff does not dispute, that it was served with process on 18 May 2010. (*See* Removal Notice (D.E. 1) ¶ 2). On 17 June 2010, it filed a notice of removal, pursuant to 28 U.S.C. § 1446(a), purportedly as the only properly named defendant in the case, based on this court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). (*See* Removal Notice ¶¶ 4, 9). Plaintiff timely filed his motion to remand on 25 June 2010. *See* 28 U.S.C. § 1447(c). In the

motion, plaintiff contends that the case could not properly be removed on the basis of the court's diversity jurisdiction because such cases are removable only if none of the defendants are citizens of the forum state, *see* 28 U.S.C. § 1441(b), and Hutchings was alleged to be a citizen of Halifax County, North Carolina. (Compl. ¶ 3). Defendants counter that removal is nevertheless proper under the doctrine of fraudulent joinder.

## DISCUSSION

The resolution of plaintiff's motion to remand will determine whether this court is a proper forum for further proceedings in this case, including consideration of defendants' motion to strike. The court will therefore first address the remand motion and then the motion to strike.

### I. PLAINTIFF'S MOTION TO REMAND

#### A. Applicable Principles of Removal and Remand

Removal of a case from a state court to a federal district court is provided for in 28 U.S.C. § 1441. Removal jurisdiction exists only if the action "originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1441(a). Two principal bases for the original jurisdiction of the federal district courts are, of course, diversity of citizenship of the parties and the presence of a federal question. *See* 28 U.S.C. §§ 1331, 1332. An action based on the court's diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *accord, e.g., Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 331 (4th Cir. 2008) ("[I]n a diversity case, a defendant cannot remove a case from its home forum . . . ."); *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (holding that complete diversity exists "when no party shares common citizenship with any party on the other side").

3

Under 28 U.S.C. § 1446(a), a case is removed by the filing of a notice of removal in the district court within 30 days after receipt of the complaint. *See* 28 U.S.C. § 1446(b). The notice must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A case is subject to remand back to the state court from which it was removed if there are defects in the removal. *See* 28 U.S.C. § 1447(c). Remand is the proper remedy where a case based on diversity jurisdiction is removed by a defendant who is a citizen of the forum state. *See, e.g., Long v. Long*, 509 F. Supp. 2d 568, 571-72 (N.D. W. Va. 2007).

The courts have recognized that "[b]ecause removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability.") (internal quotations omitted). The removing parties, as those invoking removal jurisdiction, have the burden of showing that removal was proper. *See Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'")). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F.3d at 151.

The doctrine of fraudulent joinder allows the court to disregard the citizenship of a non-diverse defendant and retain federal jurisdiction in limited circumstances. Specifically, a defendant urging the applicability of fraudulent joinder must show either outright fraud or that "there is *no*

4

*possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant." *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir.1993)); *accord Baltimore County v. Cigna Healthcare*, 238 Fed. Appx. 914, 920 (4th Cir. 2007) ("In essence, the fraudulent joinder doctrine allows a court 'to disregard, for jurisdictional purposes, the citizenship of certain non-diverse defendants, assume jurisdiction over a case, dismiss the non-diverse defendants, and thereby retain jurisdiction.'") (quoting *Mayes*, 198 F.3d at 461); *Davis v. State Farm Mut. Auto. Ins. Co.*, No. 1:08CV464, 2009 WL 322079, at * 4 (W.D.N.C. 10 Feb. 2009) ("'Fraudulent joinder' is a term of art used to describe the presence of a defendant who is not necessary for complete adjudication of the merits of plaintiff's claim, but whose presence, if allowed, would defeat diversity jurisdiction.").

In assessing an allegation of fraudulent joinder, all legal and factual issues must be resolved in favor of the plaintiff. *Mayes*, 198 F.3d at 464; *Hartley*, 187 F.3d at 424 ("The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor."). Moreover, "[i]n order to determine whether an attempted joinder is fraudulent, the court is not bound by the allegations of the pleadings, but may instead 'consider the entire record, and determine the basis of joinder by any means available.'" *Lohr v. Conseco, Inc.*, No. 1:07CV374, 2008 WL 5263768, at *3 (M.D.N.C. 17 Dec. 2008) (quoting *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 436 (M.D.N.C. 2004)). The standard under the fraudulent joinder doctrine is even more favorable to a plaintiff than that applied to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Sampson v. Leonard*, No. 4:10-CV-121-D, 2011 WL 129634, at *2 (E.D.N.C. 12 Jan. 2011).

B.  **Analysis of Plaintiff's Motion to Remand**

With the foregoing principles in mind, the court finds that plaintiff's motion to remand has merit. As explained below, defendants have failed to show that the jurisdictional basis relied upon by Kapstone in its removal notice—diversity jurisdiction by virtue of fraudulent joinder—exists.

As indicated, the two recognized criteria for fraudulent joinder are the presence of outright fraud or the impossibility of establishing a claim against the in-state defendant. Because there are no allegations of outright fraud, the court must consider whether there is any possibility that plaintiff can establish a claim for negligence against Hutchings. The court concludes that there is.

North Carolina law provides that a corporate officer or agent who commits a tort may be jointly liable with the corporation for the tort. *Cardinal Health 414, Inc. v. Schwarz Properties, Inc.*, No. 1:06CV570, 2008 WL 5216189, at *4-5 (M.D.N.C. 11 Dec. 2008) ("As to an employee's personal liability when acting for a corporation, the North Carolina Court of Appeals has explained: It is well settled that one is personally liable for all torts committed by him, including negligence, notwithstanding that he may have acted as agent for another or as an officer for a corporation.") (quoting *Palomino Mills, Inc. v. Davidson Mills Corp.*, 230 N.C. 286, 52 S.E.2d 915 (1949)); *Woodson v. Rowland*, 329 N.C. 330, 348, 407 S.E.2d 222, 233-34 (1991) ("Our holding is consistent with the principle that agents of corporations and the corporations themselves may both be held liable for the agent's torts committed in the course and scope of the agency relationship under the doctrine of respondeat superior."). Indeed, defendants do not dispute this general principle. (*See* Defs.' Remand Mem. 5 ("Defendants admit that a corporate officer or agent that commits torts may be liable just as the corporation may be liable . . . .")).

6

Defendants nevertheless maintain that because plaintiff has failed to identify any conduct attributable solely to Hutchings (because he pled his claims against both defendants collectively) he can no show no reasonable basis upon which to recover from Hutchings. Indeed, defendants have submitted an affidavit of Hutchings who denies that he was responsible for maintaining the catwalk in a reasonably safe condition or warning plaintiff of its condition. (Hutchings Aff. (D.E. 12-1) ¶¶ 8, 10)). But, as plaintiff argues, the applicable standard in assessing fraudulent joinder requires the court to take all of plaintiff's allegations as true. Plaintiff has expressly pled in his complaint that Hutchings was the Kapstone agent responsible for occupational safety and health at the facility and that acts and omissions by him, as well as Kapstone, were the proximate cause of plaintiff's injuries. (Compl. ¶¶ 3, 13, 14). The court therefore rejects defendants' invitation to treat Hutchings' affidavit as conclusive proof of the outright frivolity of plaintiff's claims against him. *See Hartley*, 187 F.3d at 425-26 (holding that ultimate success on the claims is not required to defeat removal and that unless the court can conclude that plaintiff has no chance of establishing facts necessary to support the tort claims alleged remand is appropriate); *Hoffman v. Consol. Coal Co.*, No. 1:10CV83, 2010 WL 4968266, at *4 (N.D. W. Va. 1 Dec. 2010) (allowing motion to remand where plaintiff sued his employer and a non-diverse supervisor in a personal injury action and defendants did not establish that there was no possibility of a claim against a co-employee or supervisor); *Guider v. Hertz Corp., Rent-A-Car Div.*, No. 1:04CV00126, 2004 WL 1497611, at *3 (M.D.N.C. 28 Jun. 2004) (allowing motion to remand and noting that "plaintiff's claims against non-diverse defendants need not ultimately succeed, the plaintiff need only assert a possible right to relief").

Not content to argue on the basis of the established criteria for fraudulent joinder, defendants urge the court to recognize fraudulent joinder on an additional ground: where the plaintiff has no

real intention of obtaining a joint judgment and has added the resident defendant simply to defeat federal jurisdiction. (Defs.' Remand Mem. 4) (relying on *Linnin v. Michaelsens*, 372 F. Supp. 2d 811, 822-23 (E.D. Va. 2005)). Specifically, defendants argue that because plaintiff purportedly has no intention of collecting a judgment against Hutchings and added him solely to defeat Kapstone's ability to remove the case to federal court, fraudulent joinder exists.

It is true that courts within the Fourth Circuit have considered whether a plaintiff has no intention of collecting a judgment against the in-state defendant in analyzing the fraudulent joinder doctrine. *See Aids Counseling and Testing Centers v. Group W. Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) ("[A] joinder is fraudulent if "there [is] no real intention to get a joint judgment, and... there [is] no colorable ground for so claiming.") (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal.1979)). The court rejects, however, defendants' apparent contention that this factor alone, without more, may support a finding of fraudulent joinder. *See Willard v. United Parcel Serv.*, 413 F. Supp.2d 593, 599 (M.D.N.C. 2006) (holding that "the Fourth Circuit would seem to reject using a plaintiff's expressed subjective intention alone as a ground for a finding of fraudulent joinder. Defendants must also show the absence of a basis for a claim"); *see also Englemen v. Johnson and Johnson*, No. 5:10-CV-173-BO, 2011 WL 52364, at *2 (E.D.N.C. 5 Jan. 2011) (remanding case to state court where plaintiffs could state a claim notwithstanding defendants' contention that plaintiff did not have any intention of pursuing a claim against the non-diverse defendant); *Myers v. Air Serv Corp.*, No. 1:07cv911, 2008 WL 149136, at *2 (E.D. Va. 9 Jan. 2008) ("Thus, the crucial question pertains to the likelihood of liability, not the likely success of collection efforts."). For this and the other reasons stated, the court finds that defendants have failed to meet their burden of showing that removal was appropriate.

8

Having found the doctrine of fraudulent joinder inapplicable, the court concludes that defendants could not properly remove this case on the basis of diversity jurisdiction. The court therefore lacks removal jurisdiction. Plaintiff's motion to remand should accordingly be allowed, and this case should be remanded to Halifax County Superior Court.

## II. DEFENDANTS' MOTION TO STRIKE

Because the court has determined that it lacks removal jurisdiction over this case, it cannot properly undertake consideration of defendants' motion to strike on the merits. It will therefore be recommended that the motion to strike be denied as moot without prejudice. *See Long*, 509 F. Supp. 2d at 572-73 & n.2 (allowing motion to remand and denying as moot without prejudice pending motion to dismiss).

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the court enter an order providing as follows:

1. Plaintiff's motion to remand is ALLOWED;

2. This case is remanded to the Superior Court of Halifax County; and

3. Defendants' motion to strike is DENIED as MOOT without prejudice.

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have 14 days to file written objections, unless the court specifies a different period. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This, the 8th day of February 2011.

James E. Gates
United States Magistrate Judge